DENNIS, Justice,
dissenting.
I respectfully dissent.
Viewing the evidence presented against Sandra Celestine in the light most favorable to the prosecution a rational trier of fact could have found that the State proved the essential elements of forgery beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The gist of circumstantial evidence, and the key to it, is the inference, or process of reasoning by which the conclusion is reached. State v. Chism, 436 So.2d 464 (La.1983). The inference of guilt arising from the circumstantial evidence on which Celestine was convicted was irrestible and overwhelming and when it is considered along with the direct evidence that defendant endorsed stolen checks and presented them for payment, every reasonable hypothesis of innocence is excluded.
The majority strains to conjure up hypotheses of innocence in this case, but the weight of direct and circumstantial proof offered by the State militates against such speculation. The jury’s verdict was warranted under the due process standard of Jackson, supra.